# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Remanded May 15, 2014

## STATE OF TENNESSEE v. EVERETT RUSS

**Appeal from the Criminal Court for Shelby County**
**No. 10-07456   Chris B. Craft, Judge**

_____

**No. W2012-00461-CCA-R3-CD  - Filed July 14, 2014**

_____

The Tennessee Supreme Court has remanded this case for reconsideration in light of *State v. James Allen Pollard*, — S.W.3d —, No. M2011-00332-SC-R11-CD (Tenn. Dec. 20, 2013). *See State v. Everett Russ*, No. M2012-00461-CCA-R3-CD (Tenn. Crim. App. Dec. 9, 2013), *perm. app. granted, case remanded* (Tenn. May 15, 2014). Relevant to the current remand, this court concluded in the previous appeal that the trial court erred in imposing consecutive sentences when only one of the statutory aggravating factors applied to the Defendant's two offenses involving the sexual abuse of a minor. *See* T.C.A. § 40-35-115(b)(5) (2010). Upon further review, we conclude that the aggravating factors were sufficient to support the trial court's imposition of consecutive sentences. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JERRY L. SMITH and ALAN E. GLENN, JJ., joined.

Paul K. Guibao (on appeal and remand); and Eran E. Julian and Mark A. Saripkin (at trial), Memphis, Tennessee, for the appellant, Everett Russ.

Robert E. Cooper, Jr., Attorney General and Reporter; Gordon W. Smith, Associate Solicitor General (on remand); Deshea Dulany Faughn, Assistant Attorney General (on remand); Clark B. Thornton, Assistant Attorney General (on previous appeal); Amy P. Weirich, District Attorney General; and Gregory Thomas Carman and Carrie Shelton, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

This case relates to the aggravated sexual battery of the Defendant's daughter. Regarding the first count, the record reflects that the Defendant lived down the street from the victim, who lived with her mother, and that the Defendant visited the victim's house on April 11, 2010. The victim was sleeping when the Defendant came to her bedroom, pulled her panties below her knees, rubbed her vagina on the outside with his fingers, and licked her "private part." The Defendant stopped when the victim's brother entered the room. He saw the Defendant on his knees between the victim's legs and saw the victim's panties at her knees. When her brother asked her if the Defendant licked her, she was too scared to tell him but then admitted the Defendant licked her. He sent his uncle a text message that said, "My dad is licking my private part," but called his uncle to clarify that the Defendant was licking the victim. The uncle told the victim's brother to tell his mother what he saw, and he did. The victim's mother woke the Defendant, and they argued. The victim's brother called 9-1-1 during the argument.

Regarding the second count, the record reflects that a second incident involving the Defendant and the victim occurred when the victim was eight years old before the April 11, 2010 incident. The victim was lying on the Defendant's couch at his house and watching *Charlotte's Web* when the Defendant licked her private part. No one else was at the Defendant's house at the time.

The jury found the Defendant guilty of two counts of aggravated sexual battery. He was sentenced as a Range I, standard offender to consecutive terms of nine years for each conviction. This appeal followed.

In its order granting the Defendant's application for review pursuant to Tennessee Rule of Appellate Procedure 11, the supreme court stated that the case was remanded to this court for reconsideration "in light of" *James Allen Pollard. State v. Everett Russ*, No. M2012-00461-SC-R11-CD (Tenn. May 15, 2014) (order). In *James Allen Pollard*, our supreme court concluded that the appropriate standard of review for all sentencing decisions, including the determination to impose consecutive sentences, is an abuse of discretion with a presumption of reasonableness. *Id.*, — S.W.3d at —, slip op. at 14. The presumption of reasonableness provides "deference to the trial court's exercise of it discretionary authority to impose consecutive sentences if it has provided reasons on the record establishing at least one of the seven grounds listed in Tennessee Code Annotated 40-35-115(b)[.]" *Id.*, — S.W.3d at —, slip op. at 11. "So long as a trial court properly articulates reasons for ordering consecutive sentences, thereby providing a basis for meaningful appellate review, the sentences will be presumed reasonable and, absent an abuse of discretion, upheld on appeal." *Id.*, — S.W.3d at —, slip op. at 12. *James Allen Pollard* is relevant to the Defendant's consecutive sentences, and we limit our consideration accordingly.

In the previous appeal, the Defendant contended that the trial court erred in imposing consecutive sentences. He argued that the expert's testimony at the sentencing hearing was insufficient to justify consecutive sentences and that the trial court's use of the Defendant's relationship to the victim as an aggravating factor was improper. The State responded that the court followed the consecutive sentencing statute and considered the purposes and principles of sentencing and that it did not abuse its discretion in ordering consecutive sentences.

In its Rule 11 application, the State argued that an appellate court's disagreement with the trial court's interpretation or weighing of the evidence for consecutive sentences was not sufficient to establish an abuse of discretion in light of the presumption of reasonableness attached to the trial court's determination. The Defendant did not file a reply to the State's Rule 11 application.

At the sentencing hearing, Kim Campbell, a licensed clinical social worker and the intervention services director for the Memphis Child Advocacy Center, testified that she interviewed the victim and her mother and administered standardized tests to them. She said the victim was experiencing clinically significant symptoms of post-traumatic stress related to the sexual abuse by her father, the Defendant. She said the victim reported fearing future abuse, fear of her father, difficulty sleeping, and hyper-vigilance. She said the victim avoided thoughts, talk, and emotions about the traumatic experience. She recommended the victim resume counseling at the Child Advocacy Center and thought the victim would benefit from an evidence-based treatment model the center used that was proven effective in treating children with post-traumatic stress symptoms. She said that children who had been sexually abused could experience long-term consequences such as anxiety, depression, and increase in "self-harming" or "sexually promiscuous" behaviors and that the victim could experience these in the future.

On cross-examination, Ms. Campbell testified that the tests were administered on January 3, 2012. She said that the victim attended four counseling sessions in June and July 2010, but that treatment was not completed because the victim quit attending. She did not know why the victim quit coming and said sometimes families just "drop out." She said that the victim returned to the Child Advocacy Center because the prosecutor referred her for the assessment around Christmas 2011 and that the agency had no contact with the victim between June or July 2010 and the beginning of 2012. She clarified that the victim's mother contacted the victim's former counselor in November 2010, requesting that the victim return to counseling but that the victim did not return.

Ms. Campbell testified that the victim's mother completed a trauma symptom checklist for young children about the victim and that her scores indicated post-traumatic stress disorder was "likely" for the victim. She said the victim's self-reported test scores did not indicate post-traumatic stress disorder. She said the Child Advocacy Center typically did not diagnose officially. She agreed the victim might not have post-traumatic stress disorder but said the victim reported clinically significant symptoms associated with the disorder.

Ms. Campbell testified that the victim would have begun therapy on January 23, 2012, and would have attended weekly for sixteen to twenty sessions. She said that it was normal for patients to finish treatment within one year but that some children who experienced multiple traumas could have longer treatment periods. She said the victim's test results did not indicate other traumatic stress. She said that if the victim completed treatment, it was likely her current symptoms would diminish and that she would function well. She said, though, that it was not uncommon for children with a history of sexual abuse as young children to have new questions, concerns, and issues when they reach adolescence and that it was not unusual for children to return for further treatment as they aged. She said there was no way to know if the victim would experience new issues.

The victim's mother completed a victim impact statement on behalf of the victim, which was received as an exhibit. She said that the victim and the victim's brother had difficulty dealing with the abuse, did not know how to react or what to expect, and were afraid the Defendant would be released from jail. She said the victim did not like to talk about the abuse and had trouble sleeping.

The trial court stated that it considered the evidence at the trial, the victim's testimony, the expert's testimony at the sentencing hearing, the presentence report, the victim's mother's letter, counsel's arguments, and the principles of sentencing, and it sentenced the Defendant as a Range I offender. Regarding consecutive sentencing, the court found that the Defendant was convicted of two offenses involving sexual abuse of a minor and considered the aggravating circumstances of the Defendant's relationship to the victim, the victim's "horror" knowing her father did this, and her feeling helpless. The court considered the time between the two offenses and the nature and scope of the sexual acts, which it did not consider particularly great because there was no penetration. The court determined that the victim suffered residual physical and mental damage based on the expert's testimony and report. The court found that consecutive service of the two sentences was appropriate and sentenced the Defendant to nine years for each conviction, for an effective eighteen-year sentence.

As we discussed in the previous appeal, a trial court may order consecutive sentences if it finds by a preponderance of the evidence that

The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims.

T.C.A. § 40-35-115(b)(5). As previously stated, our supreme court recently concluded that the appropriate standard of review for all sentencing decisions, including the determination to impose consecutive sentences, is an abuse of discretion with a presumption of reasonableness. *James Allen Pollard*, — S.W.3d at —, slip op. at 14.

The record shows that the Defendant was convicted of "two (2) or more statutory offenses involving sexual abuse of a minor." We consider the statutory aggravating circumstances. The trial court noted the Defendant's being the victim's father and found residual harm based on the expert's testimony but found that the time between the two offenses was about one week and that the nature and scope of the sexual acts were not particularly great because there was no penetration. The Defendant was the victim's father, and his relationship with the victim favors consecutive sentences.

Regarding the time span of the Defendant's undetected sexual activity, this court has previously concluded that four sexual acts over a four year period, three or four years of undetected sexual offenses, and more than one month of continued sexual intercourse were sufficient to prove the aggravating circumstance. *See State v. Doane*, 393 S.W.3d 721, 739 (Tenn. 2011) (concluding that when the defendant touched the victim's vagina on four separate occasions over a two year period of time, the factor heavily favored consecutive sentences); *State v. Lane*, 3 S.W.3d 456, 460 (Tenn. 1999) (concluding that the State sufficiently proved the aggravating circumstance when the defendant engaged in sexual intercourse with the victim for over one month and terminated the conduct only after being confronted by the Tennessee Bureau of Investigation); *State v. Osborne*, 251 S.W.3d 1, 28 (Tenn. Crim. App. 2007) (concluding that the trial court properly imposed consecutive sentences when the sexual offenses went undetected for three or four years). In contrast, the Defendant committed two offenses within one week. The span of activity is not so egregious as to compel consecutive sentences. Regarding the nature and scope of the sexual acts, we agree with the trial court that the nature and scope were not particularly great.

Regarding the extent of the residual physical and mental damage to the victim, Ms. Campbell testified that the victim had difficulty sleeping, was hyper-vigilant, and showed clinically significant symptoms of post-traumatic stress disorder but that the disorder was not diagnosed. She stated, though, that if the victim completed treatment, it was likely her

current symptoms would diminish and that she would function well. Ms. Campbell said that although long-term consequences of the abuse were possible, there was no way to know if the victim would experience new issues. The victim had not participated in ongoing treatment, and whether she needed it was not shown. Although the testimony of the clinical social worker was less than certain, we will not second-guess a trial court's weighing of the evidence.

Not all the aggravating circumstances must be present to support the imposition of consecutive sentences. *Doane*, 393 S.W.3d at 738. Even if one circumstance weighs against it, consecutive sentences may be appropriate if the other aggravating circumstances have been established and carry sufficient weight. *Id.* The Defendant was convicted of two offenses involving sexual abuse of a minor. Although the span of activity was not egregious and the nature and scope were not particularly great, the trial court found that the Defendant's relationship to the victim and the residual physical and mental damage to the victim supported consecutive sentences. The trial court provided adequate reasons on the record for imposing consecutive sentences, and the determination is supported by the record. We conclude that the court did not abuse its discretion in imposing consecutive sentences.

In consideration of the foregoing and the record as a whole, we affirm the judgments of the trial court.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE